IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARILYN J. VANCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 CV 7806 |
| v. | ) | |
| | ) | Magistrate Judge |
| CAROLYN W. COLVIN, | ) | Maria Valdez |
| Acting Commissioner of | ) | |
| Social Security,[1] | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Marilyn J. Vance's claims for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Vance's motion for summary judgment [Doc. No. 16] is granted in part and denied in part.

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 27, 2009, Vance filed claims for both Disability Insurance Benefits and Supplemental Security Income, alleging disability since July 21, 2009. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held

---
[1] Carolyn W. Colvin is substituted for her predecessor, Michael J. Astrue, pursuant to Federal Rule of Civil Procedure 25(d).

on March 8, 2011. Vance personally appeared and testified at the hearing and was represented by counsel. Vocational expert Jill Radke also testified.

On May 27, 2011, the ALJ denied Vance's claims for both Disability Insurance Benefits and Supplemental Security Income and found Vance not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Lampkin's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. FACTUAL BACKGROUND[2]

### A. <u>Background</u>

Vance was born on November 9, 1966 and was 44 years old at the time of the ALJ hearing. She lived in an apartment with her 18 year-old daughter. Vance previously worked for twenty-one years as a nursing assistant for the Jesse Brown VA Medical Center, where her duties included passing out water, checking vital signs, making beds, escorting patients, and taking bodies to the morgue. She occasionally had trouble with the work due to back pain, and she was frequently put on light duty, which involved sitting at a computer and inputting patient data. While on light duty, Vance claims she needed to alternate between sitting and standing due to pain. Vance is five feet tall, and as of the date of the hearing, Vance last weighed 272 pounds, and she had been gaining weight. During the relevant time frame, her weight was as low as 253 pounds.

---

[2] The following facts from the parties' submissions are undisputed unless otherwise noted.

2

Vance was widowed in 2006 when her husband died of a heart attack. A month after her husband's death, Vance was hospitalized for psychiatric treatment due to suicidal and homicidal ideation. In October 2009, Vance was found eligible for a Federal Employees Retirement System disability pension based on depression and stress.

Vance drove about two to three times a week and tried to walk daily but her back pain would interfere. She testified she could walk a half block before needing to rest for ten minutes and could only lift five to ten pounds. She could not estimate how long she could comfortably sit or stand, other than to say "not long." Vance's daughter helped with housework, including bringing helping Vance downstairs to the laundry room and bringing the laundry back upstairs when it was done. Vance cooked meals, and her daughter would go grocery shopping with her. She occasionally socialized with a cousin, but she liked to be alone.

B. **Medical Evidence**

Plaintiff has tried various treatments for her back pain, including physical therapy and medication, which sometimes works and sometimes does not. She received health care coverage due her status as a veteran's widow.

In around April 2009, Vance saw counselor Vinnie Crawford. Soon thereafter, Vance began treatment with Dr. Roueen Rafeyan, a psychiatrist, whom she saw approximately once a month. Dr. Rafeyan prescribed Vance with Lexapro and Ativan. Vance felt that therapy was beneficial, and she noted she felt better after

3

she stopped working, because she no longer had to deal with work stress. Nevertheless, she continued to feel depressed and cried for no reason.

**C**     <u>**Vocational Expert Testimony**</u>

The ALJ asked Vocational Expert ("VE") Jill Radke whether a hypothetical person with the same age, education, work experience, and a residual functional capacity ("RFC") of the full range of light work with certain limitations described below could perform any of Plaintiff's past work. The VE said that the person could not, but other jobs would be available, including office helper, mail clerk, courier, and general office clerk. These jobs would require occasional interaction with supervisors, and the employee could not miss more than one day of work per month and would need to stay on task ninety percent of the day. A person who could not accept criticism from supervisors or whose moderate difficulties in maintaining concentration, persistence, or pace resulted in the employee being off task at least twenty percent of the time would not be employable.

**D.**     <u>**ALJ Decision**</u>

The ALJ concluded that Vance has severe impairments of obesity and depression but that none of the impairments, alone or in combination, meets or medically equals any listing of impairments. The ALJ's physical RFC assessment found that Vance had the ability to perform a wide range of light and sedentary work with restrictions of never climbing ladders, ropes, or scaffolding, working on moving or unstable surfaces, or working around hazards; only occasionally climbing

ramps or stairs, stooping, kneeling, crouching, or crawling; no unusually noisy environments; and no exposure to respiratory inhalants.

The ALJ concluded Vance had the mental RFC to perform and sustain simple, unskilled work; she could understand, remember, and carry out instructions consistent with that work; and she could adapt to the type of changes that would be expected. She could interact superficially with supervisors and co-workers but not with the general public. She further found that Vance would be only rarely distracted by her physical and emotional symptoms to the extent that she would be off task outside of normal break times.

Based on the RFC assessment and the VE's testimony, the ALJ determined that while Vance is unable to perform her past relevant work as a certified nursing assistant, she could perform jobs in significant numbers in the national economy and thus is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a claimant is disabled, the ALJ considers the following five questions in order: (1) Is the claimant presently unemployed? (2) Does the claimant have a severe impairment? (3) Does

the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the claimant unable to perform her former occupation? and (5) Is the claimant unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step 3 or step 5 leads to a finding that the claimant is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step 3, precludes a finding of disability. *Id.* The claimant bears the burden of proof at steps 1–4. *Id.* Once the claimant shows an inability to perform past work, the burden then shifts to the Commissioner to show the claimant's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence,

resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841.

The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a claimant, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a claimant is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Vance argues that the ALJ's decision was in error because: (1) she gave insufficient weight to the opinion of Vance's treating psychiatrist, Dr. Rafeyan; (2) she failed to evaluate Vance's obesity as required by SSR 02-1p;[3] (3) she did not include Vance's moderate limitation in concentration, persistence, and pace in the hypothetical questions posed to the VE; (4) the RFC determination was not supported by substantial evidence; (5) the ALJ did not follow the "special technique" in evaluating Vance's mental limitations; and (6) the ALJ improperly assessed Vance's credibility.

### A. <u>Treating Physician Rule</u>

Vance argues that the ALJ failed to follow the "treating physician rule" by not appropriately weighing the opinion of her treating physician, Dr. Rafeyan. An ALJ must give controlling weight to a treating physician's opinion if the opinion is both "well-supported" and "not inconsistent with the other substantial evidence" in the case record. 20 C.F.R. § 404.1527(c); *see Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must also "offer good reasons for discounting" the opinion of a treating physician. *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (internal quotations omitted); *Scott*, 647 F.3d at 739. And even if a treater's opinion is not given controlling weight, an ALJ must still determine what value the assessment does merit. *Scott*, 647 F.3d at 740; *Campbell*, 627 F.3d at 308. The regulations require the ALJ to consider a variety of factors, including: (1) the length, nature,

---

[3] Interpretive rules, such as Social Security Regulations ("SSR"), do not have force of law, but they are binding on all components of the Social Security Administration. 20 C.F.R. § 402.35(b)(1); *accord Lauer v. Apfel*, 169 F.3d 489, 492 (7th Cir. 1999).

8

and extent of the treatment relationship; (2) the frequency of examination; (3) the physician's specialty; (4) the types of tests performed; and (5) the consistency and support for the physician's opinion. *See id.*

The ALJ did not give controlling weight to the opinions of Dr. Rafeyan, although she noted he was a treating psychiatrist with a relatively long history with Plaintiff. She discounted his initial opinions finding disabling mental impairments issued in July 2009 because they were prepared on the same day Vance filed her application for benefits, they were offered very early in the course of treatment, and they were not function-by-function opinions to be given controlling weight. She further noted that Dr. Rafeyan's acknowledgement that Vance had made significant progress by January 2011. The ALJ, however, gave no rationale for discounting Dr. Rafeyan's December 2009 report finding significant limitations in a number of areas including maintaining attention and concentration, performing at a consistent pace, and maintaining regular attendance. (R. 439.) And while Dr. Rafeyan's January 2011 report noted improvement in several areas, Vance was found to still be markedly limited in all of those areas and others. (R. 551.) Neither of those reports was issued on the same day Vance applied for benefits, they were not offered early in her treatment regimen, and they did include a function-by-function analysis. The ALJ's failure to provide a rationale for discounting the opinions of Dr. Rafeyan warrants remand.

B. **Obesity**

Plaintiff next contends that the ALJ did not adequately discuss the effect of her obesity on her non-severe impairments, specifically her lower back pain. The Social Security Administration "has removed obesity as a separate listing from the list of disabling impairments." *Castile v. Astrue*, 617 F.3d 923, 928 (7th Cir. 2010) (citing SSR 02-1p). However, the ALJ is required to consider a claimant's obesity in evaluating the severity of her other impairments. *Id.*; *see also Martinez v. Astrue*, 630 F.3d 693, 689-99 (finding reversible error when the ALJ failed to consider the effect of a body mass index of over 40 on knee pain). The Seventh Circuit also requires an ALJ to consider a claimant's obesity in evaluating her ability to work generally. *See Browning v. Colvin*, 766 F.3d 702, 706 (7th Cir. 2014) (explaining that morbid obesity may make a person unable to perform even sedentary jobs).

The ALJ noted that Vance's body mass index measured ranged from 51.4 to 53.5 during the relevant time frame. In discussing the effect of Vance's weight, the ALJ found that she did not have listing-level functional limitations caused by the obesity, and that "while her obesity no doubt exacerbates her mild back pain, there is no documented period of ineffective ambulation of 12 consecutive months or longer during the relevant time." (R. 17.) As evidence that the ALJ considered Vance's obesity, the Commissioner points to the ALJ's express statement that "[a]s a result of the claimant's obesity and mild back pain," (R. 20), Vance was never to climb or work on unstable surfaces and unprotected heights, with only occasional climbing of ramps or stairs, stooping, kneeling, crouching, or crawling. But the

ALJ's conclusion that Vance could stand and/or walk for approximately six hours in an eight-hour workday did not refer to her obesity at all. The Court concludes that on remand, the ALJ must consider the effects of Vance's obesity not only on her back pain but on her RFC generally.

### C. Concentration, Persistence, and Pace

Plaintiff next assigns error to the ALJ's failure to include in her hypothetical question to the VE an additional limitation recognized by the ALJ – that Vance suffered from a moderate limitation in concentration, persistence, and pace with regard to complex or detailed tasks. (R. 19.) Plaintiff also argues that the ALJ's conclusion that Vance's limitations only exist with respect to complex or detailed tasks was not supported in the decision.

First, the Court notes that while the ALJ herself did not pose the question relating to concentration, persistence, and pace to the VE, Vance's attorney did. The VE responded that a person with a moderate impairment, defined as being off in concentration for twenty to thirty percent of the time, then it would be difficult for the claimant to work. (R. 102.) The relevant issue, therefore, is whether the ALJ had substantial evidence supporting her finding that Vance was not disabled despite her simultaneous conclusion that Vance had moderate limitations in concentration, persistence, and pace.

The evidence the ALJ used to support her finding that Plaintiff's limitations were moderate and existed only with complex or detailed tasks was consulting physician Dr. Horton's October 20, 2009 Psychiatric Review Technique, in which he

checked "mild" next to her limitation in maintaining concentration, persistence, or pace. In the consultant's notes section of the report, he did not elaborate on that determination but noted "short attention span." (R. 424.) Plaintiff points to contrary evidence in the record that was not considered by the ALJ, including her own testimony as well as Dr. Rafeyan's findings that she had "poor attention and focus," "severe mood swings," and fair to poor abilities in areas including the ability to perform at a consistent pace and maintaining concentration for extended periods of time. (R. 439.)

First, the Court agrees with Plaintiff that the ALJ's conclusion that Vance was moderately limited in concentration was not supported by her citation to Dr. Horton's report, which found only a mild limitation. Second, even crediting the Commissioner's response that the ALJ found greater restrictions as a means of giving Plaintiff the benefit of the doubt does not end the inquiry. The ALJ went further to conclude that the restrictions are only present "in regard to complex or detailed tasks," (R. 19), which is not found in Dr. Horton's report. The ALJ's reasoning for this finding is significant, because if Plaintiff's problems with concentration, persistence, and pace only exist with complex tasks, then the ultimate determination that the limitations would not make her unable to work may find support in the record. But if Plaintiff's concentration limitations exist (at any level) in relation to all tasks, then the ALJ's conclusion was not based on substantial evidence, based on the VE's testimony. *See also O'Connor-Spinner v. Astrue*, 627 F.3d 614, 620 (7th Cir. 2010) (explaining that "terms like 'simple,

repetitive tasks' on their own will not necessarily exclude from the VE's consideration those positions that present significant problems of concentration, persistence and pace"). On remand, the ALJ should more completely discuss Vance's limitations on concentration, persistence, and pace as they relate to her ability to remain on task for jobs at all levels.

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the issue of Plaintiff's credibility be examined in a manner wholly consistent with SSR 96-7p and governing Seventh Circuit standards, s*ee Scheck v. Barnhart*, 357 F.3d 697, 703 (7th Cir. 2004); the RFC be supported by substantial evidence; and Vance's mental impairments be evaluated fully under the special technique.

**CONCLUSION**

For the foregoing reasons, Plaintiff Marilyn Vance's motion for summary judgment [Doc. No. 16] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE: November 14, 2014**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**